MAX SALMOWITZ and SAMUEL SALMOWITZ, Copartners, Doing Business Under the Firm Name and Style of CENTURY SILK MILLS, and also Doing Business Under the Name of M. SALMOWITZ & Co., Respondents, *v.* MEYER COHEN, Appellant.

(Supreme Court, Appellate Term, First Department, April, 1918.)

Evidence — admissibility of — trial — burden of proof — goods sold — jury — appeal.

It is only where a defendant's purpose is to leave plaintiff's proofs unimpaired, or to destroy their effect by other proofs, that a defense is necessary to support defensive proofs.

Where upon the buyer's refusal to accept goods sold, an action is brought to recover the purchase price, defendant's proof, admissible under a general denial, that the goods were ordered by his sample is destructive of plaintiffs' proof that they were ordered from their sample, and a defense to support such proofs is unnecessary and improper, and a charge to the jury that the burden of proof in the case was divided and the burden was on defendant to show that the goods were ordered in accordance with plaintiffs' sample is error calling for the reversal of a judgment entered in favor of plaintiffs.

APPEAL by defendant from a judgment of the City Court of the city of New York, in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial.

Michael Kaufman, for appellant.

Elias Loewenkopf, for respondents.

MULLAN, J.   The sole question presented upon the appeal in this action for the agreed price and reasonable value of certain velveteen delivered to defendant, and which the defendant refused to accept, is whether the court correctly charged the jury in respect of the burden of proof.   The plaintiffs' proof was that the defendant ordered the goods upon sample A, which was plaintiffs' sample, and the defendant's proof was that he ordered upon sample B, which was his own sample.   The defendant's inclusion in his answer of a defense to support such proof adduced by him was unnecessary and improper, as the proof that the order was for goods like sample B was *destructive* of the proof made by plaintiffs that the order was for goods like sample A, and therefore was admissible under a denial.   It is only where a defendant's purpose is to leave the plaintiff's proofs unimpaired, but to destroy

*their effect* by other proofs, that a defense is necessary to support such defensive proofs; and if such a defense is not necessary it is not only unauthorized but it is mischievous and tends to cause confusion. The failure of defendant's counsel to observe this simple but seemingly little-understood rule accounts, we think, for the error into which the learned trial justice was led. He charged the jury that " the burden of proof in this case is divided. The burden of proving the allegations of the plaintiffs' complaint denied by the defendant rests with the plaintiffs. That is, they must establish to your satisfaction by a fair preponderance of the evidence that on the tenth day of October, at the special instance and request of the defendant, they sold and delivered to him fourteen pieces of velveteen at the agreed price and of the aggregate value of $390.93. With respect to the claim that the sale was made according to a designated sample, and that the goods delivered did not accord with that sample, and therefore acceptance thereof was refused, the burden is placed by law upon the defendant of proving those facts, and he is required under the burden of proof to prove those facts by a fair preponderance of the evidence; and if he fails to do so, then, and in that event, the plaintiffs will be entitled to your verdict on that issue."

The burden of proof was thus put upon the defendant, upon whom there was properly no burden, the burden resting throughout upon the plaintiffs to show that the goods were ordered in accordance with the plaintiffs' sample. The only issue raised by the plaintiffs' pleading and proofs was whether the defendant's order was for goods like plaintiffs' sample, and if he failed to make that proof he failed to make out a case. There was no *issue* of whether the defendant had ordered goods like his own sample; proof by him that

he did so was on the issue, and in destruction of plaintiffs' proof, that the order was for goods like plaintiffs' sample.

BIJUR and FINCH, JJ., concur.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.